UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOANN COOPER, individually,
and as next friend of D.C.,

    Plaintiff,

vs.                                                Case No.: 3:10-cv-00695-J-20PDB

MIKE WILLIAMS, in his official
capacity as Sheriff of the Consolidated
City of Jacksonville and Duval County,
Florida, et al.,

    Defendant.

_____

**PLAINTIFF'S FIFTH UNOPPOSED MOTION TO CONTINUE TRIAL AND
EXTEND CASE MANAGEMENT DEADLINES AND TRIAL**

    Plaintiff, Joann Cooper, by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 6(b) and Local Rule 3.01, hereby moves for entry of an order extending the case management deadlines, pretrial date and trial date in this cause, and as grounds state as follows:

    1.    On March 16, 2016, the Court entered an Order (Doc. 90), which set forth the below listed deadlines (also included are the new requested deadlines–in bold–if an extension is granted):

| | | |
|---|---|---|
| Discovery Completion: | December 16, 2016 | **May 26, 2017** |
| Dispositive/*Daubert* motions: | January 27, 2017 | **June 30, 2017** |
| Pretrial Conference: | May 17, 2017 | **October 18, 2017** |
| Trial Term: | July 10, 2017 | **January 2018** |

    2.    Counsel for Plaintiff took the Jacksonville Sheriff's Office corporate representative's deposition on September 14, 2016. Following such deposition, further discovery was exchanged between the parties, including, but not limited to receipt of Defendant, City of

Jacksonville's Supplemental Rule 26(a) Disclosures on December 15, 2016.

3. The attorneys for the parties have cooperated in other discovery matters in this case including, but not limited to, taking the depositions of the officers involved in the shooting incident, including individuals who had moved out of state, and Ms. Cooper. Despite such efforts, further discovery remains to be done and the current discovery deadline of December 16, 2016, does not provide adequate time to do so in light of other work demands.

4. Plaintiff is requesting one final extension of time to complete discovery, file dispositive motions and to continue the trial. Specifically, Plaintiff is still awaiting the report from an expert regarding her municipal liability claim and Plaintiff contends such testimony is essential to her proving her claim. Plaintiff apologizes to the Court for any further delay in this case but respectfully requests one last indulgence from the Court. Such discovery is the sole remaining matter to disclose, along with the responsive report from Defendant's expert and any corresponding depositions of experts, before Plaintiff believes this matter is ripe for submission to the Court and possibly trial. Plaintiff does not foresee the need for any further requests for extension of time beyond the present request.

5. Pursuant to Local Rule 3.09(d), counsel for the Plaintiff certify that Plaintiff has been informed of this motion and have consented to it.

6. Pursuant to Local Rule 3.01(g), undersigned counsel certifies that he has conferred with counsel for Defendant and counsel for Defendant does not oppose the relief requested herein.

WHEREFORE, Plaintiff respectfully request this Court to enter its order granting a continuance of the trial in this cause and extending the other case management deadlines, including the discovery deadline, as proposed herein.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 6(b) states that when an act may or must be done within a specified time, the court may, for good cause, extend the time if a request is made before the original time or its extension expires. In the instant case, this motion and request for an extension of time has been made before the deadline for completion of discovery set forth in the Case Management and Scheduling Order. Further, this motion is not made for purposes of undue delay. Last, discovery has been diligently conducted, yet the complexities of the instant case require more discovery. *See Hensley v. Eckerhart,* 461 U.S. 424, 447 (1983) (analogizing civil rights cases in the attorney's fee context to "other types of equally complex Federal litigation, such as antitrust cases[.]"). *See also Cf. U.S. v. Nutraceuticals LLC v. Cyanotech Corp.,* 5:12-cv-366, 2014 WL 1918040, *6 (M.D. Fla. May 13, 2014); *Vig v. All Care Dental, P.C.,* 1:11-cv-4487, 2013 WL 210895, *1, n.2 (N.D. Ga. Jan. 18 2013); *United States v. Holt,* 76 F.Supp.2d 1374, 1381 (M.D. Ga. 1999). Accordingly, this Court should grant the instant motion and extend the deadline by which the parties are to complete discovery beyond the current July 29, 2016 deadline and continue the trial date as proposed herein.

Respectfully submitted,

*/s/ Matthew R. Kachergus*
Wm. J. Shepard, Esquire
Florida Bar No.: 109154
Elizabeth L. White, Esquire
Florida Bar No.: 314560
Matthew R. Kachergus, Esquire
Florida Bar No.: 503282
Bryan E. DeMaggio, Esquire
Florida Bar No.: 055712
Jesse B. Wilkison, Esquire
Florida Bar No.: 118505
Sheppard, White, Kachergus & DeMaggio, P.A.
215 Washington Street
Jacksonville, Florida 32202
Telephone: (904)356-9661
Facsimile: (904)356-9667
Email: sheplaw@att.net
COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I HEREBY CERTIFIED that on this 16th day of December, 2016, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certified that I have sent the foregoing document, by Electronic Mail, to the following:

**Stephen J. Powell, Esquire**
**Chief, Tort-Employment Litigation**
**Office of General Counsel**
**117 West Duval Street**
**Suite 480**
**Jacksonville, Florida 32202**

*/s/ Matthew R. Kachergus*
ATTORNEY

ldh[cooper.joann.continue.trial.case.management.motion2]

4